143 N.J. Super. 474 (1976)
363 A.2d 908
DAVID YORKIN, PETITIONER-RESPONDENT,
v.
VOLVO DISTRIBUTING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 12, 1976.
Decided August 10, 1976.
*475 Before Judges FRITZ, SEIDMAN and MILMED.
Messrs. Gallo and Geffner, attorneys for appellant.
Messrs. Goldberger, Siegel & Finn, attorneys for respondent.
PER CURIAM.
This is an appeal by an employer from a determination of compensability in the Division of Worker's Compensation.
The employee had been attending a convention in Miami Beach, Florida. He did not return to his home or the place of his employment in New Jersey following the termination of the convention on a Thursday. Instead, by special and extraordinary permission granted at his request, he was permitted to remain in Florida, staying with relatives and at his own expense, until Sunday. On Saturday, as he was standing in the ocean surf, he was struck in the head by a belligerent pelican, and the injury ensued.
The judge of compensation found that petitioner was, at the time of his injury, "engaged solely in rest and recreation activities in Miami." Since the "opportunity to engage in this personal purpose arose incidentally to a business trip" (emphasis supplied), he imposed upon the employer the worker's compensation burdens of the "mutual benefit doctrine." See Salierno v. Micro Stamping Co., 136 N.J. Super. 172 (App. Div. 1975). In this we think he erred. Cavalcante v. Lockheed Electronics Co., 85 N.J. Super. 320 (Law Div. 1964), aff'd 90 N.J. Super. 243 (App. Div. 1966), and Complitano v. Steel & Alloy Tank Co., 63 N.J. Super. 444 *476 (App. Div. 1960), rev'd on dissent below, 34 N.J. 300 (1961), are wholly distinguishable on the facts. Nobody would suggest that an employee injured while on vacation would be entitled to a declaration of compensability simply because he was being refreshed to return more capably to his employment.
While an injury suffered during a period of relaxation at the convention, or during the travel to and from made necessary by the required attendance at the convention, would unquestionably ordinarily be compensable (the former activity justifying compensability on the basis of the mutual benefit doctrine), we are satisfied that a three-day personal vacation tacked on to the end of the convention removes any injury occurring during that period from the course of the employment. Cf. Hebrank v. Parsons, 88 N.J. Super. 406 (App. Div. 1965).
The judgment below is reversed and judgment is entered in favor of the respondent below. No costs.